**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALBERT C. BURGESS, JR,

    *Petitioner*,

v.

ERIC HOLDER,

    *Respondent*.

Civil Action No. 11-1266 (CKK)

**MEMORANDUM OPINION**
(July 19, 2011)

Petitioner Albert C. Burgess, Jr. has petitioned for a writ of habeas corpus to issue to Respondent Eric Holder, Attorney General of the United States. *See* Pet. for a Writ of Habeas Corpus, ECF No. 1 [hereinafter Pet.]. Petitioner is currently in federal custody at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"). *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (search for Reg. No. 88539-071). Petitioner asserts that he "asking that the statute he was convicted under be declared unconstitutional" as violative of protections against double jeopardy. Pet. at 1. Petitioner does not identify which court convicted him, but he does identify the statute under which he was convicted as "28 U.S.C. § 2252A," Pet. at 1, which criminalizes certain activities relating to material constituting or containing child pornography, *see* § 2252A. A search of court records shows that "[o]n November 18, 2009, Petitioner was convicted" by the U.S. District Court for the Western District of North Carolina "of violating 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(a)(2)," *Burgess v. United States*, No. 09CV451-1-MU, 2010 WL 92441, at *1 (W.D.N.C. Jan. 6, 2010), which criminalize certain activities relating to material involving the sexual exploitation of minors, *see* § 2252. However, the Court cannot locate any information about any conviction of

Petitioner for a violation of § 2252A.

As with any civil pleading, a petition for a writ of habeas corpus must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). When considering a habeas petition challenging the constitutionality of the sentencing court's adjudication, a district court's jurisdiction depends on (1) if the sentencing court was a federal court, whether the district court was the sentencing court, *see* 28 U.S.C. § 2255(e), and (2) if the sentencing court was a state court, whether the state court lies within or whether the petitioner is imprisoned within the territorial jurisdiction of the district court, *see id.* § 2241(d). Petitioner has failed to provide any information whatsoever about what court imposed the sentence challenged in the petition, and Petitioner is not imprisoned within the territorial jurisdiction of this Court. Petitioner has therefore not only failed to identify the grounds for this Court's jurisdiction, but he has also failed to give Respondent fair notice of what decision he is challenging. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (requiring that a plaintiff "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'"). The Court will therefore, in a separate order to issue this date, dismiss this case for failure to identify the grounds for this Court's jurisdiction and for failure to state a claim upon which relief can be granted.

                /s/
                COLLEEN KOLLAR-KOTELLY
                United States District Judge